## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 12-1065** (Berkeley County 11-F-40)

**Jesse Lafferty,**
**Defendant Below, Petitioner**

**FILED**

**May 24, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

### MEMORANDUM DECISION

Petitioner's appeal, by counsel Christopher J. Prezioso, arises from the Circuit Court of Berkeley County, wherein the circuit court sentenced petitioner to two terms of incarceration of two to ten years, said sentences to run consecutively, following his entry of guilty pleas to two counts of child abuse causing serious bodily injury by order entered July 20, 2012. The State, by counsel Cheryl K. Saville, has filed its response, to which petitioner has filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2011, petitioner was indicted by a Berkeley County Grand Jury on the following felony charges: two counts of child abuse causing serious bodily injury; one count of conspiracy to commit child abuse; two counts of child abuse causing bodily injury; and two counts of gross child neglect creating a substantial risk of serious bodily injury or death. Pursuant to a plea agreement, in April of 2012 petitioner pled guilty to the two charges of child abuse causing serious bodily injury and the remaining charges were dismissed. During the plea hearing, the State asserted that petitioner had forced two children to live in his basement on the concrete floor, with nothing more than a blanket and a portable toilet. According to the State, the children were not fed for long periods of time and when they were fed, it was only one small meal per day for three or four days out of the week. The State alleged that this abuse not only led to the children's severe malnourishment, but could also negatively affect their health in the future. Additionally, during the hearing, petitioner stated that he willingly punished the children by withholding food to the point the children were malnourished.

Sentencing was rescheduled so that the circuit court could obtain a presentence investigation report. On July 16, 2012, the circuit court held a sentencing hearing, during which petitioner presented a statement, victim impact statements were presented, and counsel presented

arguments. The circuit court thereafter sentenced petitioner to a term of incarceration of two to ten years for each offense, said sentences to run consecutively. Petitioner was also ordered to pay mandatory fines and costs, and to comply with the child abuse registry upon release because the circuit court found him to be an abusing parent.

On appeal, petitioner alleges that it was error for the circuit court to refuse his request for probation or concurrent sentencing. According to petitioner, he is gaining very little from his incarceration, and he had little to no criminal history prior to the instant offense, his first felony conviction. Further, petitioner argues that the sentence imposed violates the Eighth Amendment to the United States Constitution and Article III of the West Virginia Constitution. While petitioner admits that his sentence is within the applicable statutory limits, he urges the Court to reconsider its prior ruling regarding appellate review of sentences which are not based on an impermissible factor.

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Upon our review, the Court finds no error in regard to petitioner's assignment of error. "'Sentences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus Point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 3, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Petitioner himself admits that his sentence is within applicable statutory limits as set forth in West Virginia Code § 61-8D-3(b), and he does not allege that the sentence is based on any impermissible factor. As such, the Court finds no error in the sentence imposed by the circuit court.

For the foregoing reasons, the circuit court's order is hereby affirmed.

Affirmed.

**ISSUED**: May 24, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2